# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:07-CV-473-RJC-DCK

| | |
|---|---|
| LUIS COLON, )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>CAROL PENCEK and OPAL SAVAGE, )<br>)<br>    **Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Extension Of Time To Obtain Legal Counsel" (Document No. 8), filed January 30, 2008. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and immediate review is appropriate.

Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion.

## I. BACKGROUND

On September 28, 2007, Luis Colon ("Plaintiff") filed a "Complaint For Money Owed" (Document No. 1-2) in Mecklenburg County's District Court Division - Small Claims. Apparently Plaintiff seeks "medical plan coverage as underwritten" in the amount of $31, 288.00. Carol Pencek and Opal Savage ("Defendants") filed a "Notice of Removal" to this Court on November 2, 2007, contending that federal jurisdiction is appropriate under the provisions of 28 U.S.C. § 1441(a) and (b) as the benefits Plaintiff seeks are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*.

"Defendants' Motion To Dismiss" (Document No. 4) and "Memorandum of Law In

Support..." (Document No. 5) were filed on November 29, 2007. To date, Plaintiff has filed no response.

On January 22, 2008, Defendants filed a "...Motion To Stay Initial Attorneys' Conference" (Document No. 6). The undersigned granted that motion by Order (Document No. 7) on January 30, 2008, thus staying the initial attorney's conference until a determination on "Defendants' Motion To Dismiss" is filed. Also on January 30, 2008, Plaintiff filed a motion for extension of time in order to obtain legal counsel and respond to the requirement for an initial attorney's conference.

Even though the requirement for an initial attorney's conference has been postponed, the undersigned will grant a brief extension of time in this case.

## II. DISCUSSION

As mentioned above, Plaintiff has not responded to the motion to dismiss and the time to respond has lapsed. The Court will nevertheless *sua sponte* grant additional time for Plaintiff to respond to the motion to dismiss and to acquire legal counsel if he so chooses.

In accordance with the dictates of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the undersigned is required to notify Plaintiff that he has the right to file a response in opposition to the pending motion. Any response filed by Plaintiff should be accompanied by a brief containing a concise statement of reasons for opposition and a citation to the authorities upon which he relies. The response may also be accompanied by exhibits, affidavits in opposition to the motion, or other responsive material. Plaintiff is reminded that affidavits must be made on personal knowledge, contain facts admissible in evidence, and be made by one shown to be competent to testify. A false statement under oath or under penalty of perjury may be a crime punishable as provided by law.

Any response – including an accompanying brief and any exhibits, affidavits or other

responsive material – must be filed no later than **March 3, 2008.** The original and one copy of Plaintiff's response should be mailed to the Clerk of U.S. District Court, and a copy served upon counsel for the Defendants. Any pleadings presented to this court for filing must be accompanied by a certificate stating that Plaintiff has served copies on counsel for the Defendant.

Federal Rule of Civil Procedure 37(b)(2) states:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

In addition, Federal Rule of Civil Procedure 41(b) allows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant ... a dismissal under this subdivision ... operates as an adjudication on the merits.

The Fourth Circuit "has emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995); see also, Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir.1993) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The Plaintiff is hereby reminded that he must follow the Federal Rules of Civil Procedure and the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Extension Of Time To Obtain Legal Counsel" (Document No. 8) is **GRANTED** with modification.

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to "Defendants' Motion to Dismiss" (Document No. 4) on or before **March 3, 2008**. Failure to respond to the pending

motion or failure to persuade the Court that the pending motion should not be granted, will likely lead to the dismissal of the lawsuit.

**SO ORDERED**.

Signed: January 31, 2008

David C. Keesler
United States Magistrate Judge