# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-473-RJC-DCK

| | |
|---|---|
| LUIS COLON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CAROL PENCEK and OPAL ) | |
| SAVAGE, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion to Dismiss" (Document No. 4) and "Memorandum of Law in Support of Defendant's Motion to Dismiss" (Document No. 5), filed November 29, 2007; *Pro se* Plaintiff's "Response" (Document No. 10) filed March 4, 2008; and "Defendant's Motion to Strike and Reply to Plaintiff's Response" filed March 12, 2008. (Document Nos. 11-12). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Defendants' motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the "Defendants' Motion to Dismiss" be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action to seek reimbursement for medical expenses that Plaintiff alleges should have been covered under an employee benefit plan. (Document Nos. 1-2, 10). Plaintiff has been employed by Corporate Benefits Services, Inc. ("CBSI"), which utilized an employee benefit plan through Insulating Services, Inc. ("ISI"). Id. Plaintiff alleges that he made telephone inquiries

into the coverage provided by his employer's benefits plan. Id. Plaintiff alleges that he received conflicting information from several people employed with the insurance provider regarding whether his wife's gastric bypass surgery costs would be covered by the plan if shown to be medically necessary. Id.

Plaintiff, proceeding *pro se,* filed his "Complaint" (Document No. 1-2) to recover the costs of medical expenses on September 28, 2007 in Mecklenburg County District Court, Small Claims Division. Defendants filed a timely "Notice of Removal" (Document No. 1) to this Court on November 2, 2007, alleging that the benefits plan at issue is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, giving the federal court proper jurisdiction. On November 29, 2007, the Defendants filed a "Motion to Dismiss," along with a "Memorandum in Support of Motion to Dismiss." (Document Nos. 4-5). Plaintiff failed to file a timely response, and bearing in mind that the Plaintiff was proceeding *pro se*, the Court *sua sponte* granted an extension requiring Plaintiff to respond by March 3, 2008. (Document No. 9). Plaintiff filed his response (Document No, 10) on March 4, 2008. Defendants filed a Reply and Motion to Strike on March 12, 2008. (Document Nos. 11-12).

## II. STANDARD OF REVIEW

### A. Insufficiency of Service

Under Fed. R. Civ. P. 4(e)(2), the Federal rules require that, when a waiver of service has not been obtained, service is to be effected by

> delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to

receive service of process.

When service is improper or insufficient, a defendant may challenge that claim to dismissal under Rule 12(b)(5), whereupon the Plaintiff then bears the burden of establishing that service has been performed according to the Rule. McRae v. Rogosin Converters, Inc., 301 F. Supp.2d 471 (M.D.N.C. 2004).

### B. Motion to Dismiss for Failure to State a Claim

"A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990). When a court reviews a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), cert denied, 510 U.S. 1197 (1994).

"A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the United States Supreme Court's recent examination of this standard, it explained:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . **Factual allegations must be enough to raise a right to relief above the speculative level,** . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . . And, of course, a well-

3

> pleaded complaint may proceed even if it strikes a savvy
> judge that actual proof of those facts is improbable, and "that
> a recovery is very remote and unlikely."

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (May 2007) (internal citations omitted)(emphasis added).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). Therefore, a complaint will survive a Rule 12(b)(6) motion to dismiss if it sets forth "enough facts to state a claim to relief that is plausible on its face." Id. at 1960.

### III. DISCUSSION

Defendants argue that this case should be dismissed under Rule 12(b)(5) for improper service, or alternatively under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Giving due deference to the *pro se* Plaintiff, the Court nonetheless agrees with Defendants that dismissal is warranted. Put simply, it appears Plaintiff did not properly serve the Defendants, and even if he had, he sued the wrong parties.

#### A.  Rule 12(b)(5)

To begin, Fed. R. Civ. P. 4(e)(2), quoted at length above, outlines the required methods for effectuating service upon individual defendants in order to insure defendants receive adequate notice of pending claims against them. In the instant case, Plaintiff attempted service upon the two named Defendants by delivering a copy of the Summons and Complaint to the CBSI office. (Document No.

5 at 2). Defendants contend that under Rule 4, "neither CBSI nor its employees, are agents of the Individual Defendants, by appointment or by law, for purposes of service of process." Id. Further, Defendants argue that the CBSI office does not qualify as a "dwelling house or usual house of abode." Id. Defendants submit that, as such, the Complaint should be dismissed pursuant to Fed. R. Civ. P 12(b)(5). Plaintiff's Response does not attempt to rebut this argument.

When sufficiency of service has been challenged, the Plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Fed. R. Civ. P. 4(e) for individual service. See Elkins v. Broome, 231 F.R.D. 273 (M.D.N.C. 2003). It appears that the Plaintiff failed to effectuate service according to the requirements of the federal rules, and these rules must be taken seriously. Nevertheless, as the Fourth Circuit has opined, "[i]n determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." Karlsson v. Rabinowitz, 318 F.2d 666, 668-69 (4th Cir. 1963). Furthermore, the courts traditionally hold pleadings by *pro se* parties "to less stringent standards than formal pleadings drafted by lawyers...." Haines v. Kerner, 404 U.S. 519, 520 (1972).

Thus, recognizing the Plaintiff's *pro se* status, while service appears to have been insufficient, the undersigned declines to recommend that this case be dismissed *solely on this basis*. As addressed below, there is an alternative basis for dismissal in this instance – one more directly related to the merits of the lawsuit against these Defendants.

**B.    Rule 12(b)(6)**

Turning to Defendants' Rule 12(b)(6) argument, Defendants argue that since Plaintiff's claims are governed by ERISA, with its exclusive provisions for remedies, and Defendants are not

5

proper party Defendants in an ERISA action, the case should be dismissed for this reason. The Defendants are correct, and the case against these Defendants should be dismissed.

### 1. ERISA preempts Plaintiff's claims.

Defendants first argue that ERISA preempts Plaintiff's claims here. Plaintiff indeed claims entitlement to "medical plan coverage," and the medical plan to which Plaintiff refers is an employee benefit plan sponsored by ISI. The establishment of medical benefit coverage by ISI for its employees constitutes an "employee benefit plan" within the meaning of ERISA § 503. That provision reads as follows:

> [A]ny plan, fund or program which was . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment. . . . .

Under this definition, ISI's establishment of medical benefits for its employees provides the kind of benefits set forth in the ERISA definition of an employee benefit plan in precisely the manner specified by the statute. Accordingly, ISI has an employee benefit plan – which is governed by ERISA.

Moreover, as Defendant has argued, the Plan, a copy of which is attached as Exhibit C to Defendants' Motion, explicitedly provides on page 53 that the plan is to be administered "in accordance with the provisions of ERISA." In addition, pages 54 - 55 set forth "Certain Plan Participant Rights Under ERISA." This plain language further supports the argument that the plan is in fact governed by ERISA.

Section 514(a) of ERISA provides that ERISA "shall supercede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a). The

Courts have traditionally interpreted this preemption provision under ERISA to extend very broadly, particularly in cases involving claims for benefits under a plan. In Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, (1987), the Plaintiff filed common law breach of contract and tort claims against the insurance company that issued the policy funding his employer's welfare benefit plan. The Plaintiff sought compensatory and punitive damages based on the insurance company's failure to pay the benefits to which he claimed he was entitled under the policy. Id. at 45, 107 S.Ct. 1551. The United States Supreme Court held that "the common law causes of action raised in . . . [the] Complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, *undoubtedly* meet the criteria for preemption under Section 514(a)." Id. at 49, 107 S.Ct at 1553 (emphasis added).

The Fourth Circuit has followed the same approach. In Powell v. Chesapeake & Potomac Tel. Co. Of Virginia, 780 F.2d 419 (4th Cir. 1985), cert. denied, 476 U.S. 1170, 106 Sct. 2892 (1986), the Fourth Circuit Court of Appeals held that claims relating to processing and payment of benefits under an employee benefit plan are preempted by ERISA:

> The preemption clause effectuates a broad remedial policy to protect the interest of participants in ERISA-governed plans and their beneficiaries. . . **to the extent that ERISA redresses the mishandling of benefits claims or other misadministration of employee benefit plans, it preempts analogous causes of action, whatever their form or label under state law** . . . . A contrary rule would undermine ERISA's important policy of promoting uniformity in employee benefit laws, reflected in the legislative history, in the Act's declaration of policy, and in the preemption clause itself.

Id. at 472 (emphasis added). See also Makar v. HealthcCare Corp. Of Mid-Atlantic, 872 F.2d 80, 82 (4th Cir. 1989).

Accordingly, to the extent that Plaintiff's purported claims are grounded upon state common

7

law theories of recovery, they are superseded and preempted by ERISA, and should be dismissed. Powell, 780 F.2d at 719. (ERISA preempts claims for breach of contract); Makar, 872 F.2d 80 (4th Cir. 1989) (ERISA preempts bad faith claim regarding insurer's refusal to pay benefits under employee benefit plan). Further, to the extent that Plaintiff's claim as alleged in his Complaint can be converted to a claim for benefits pursuant to ERISA § 502(a)(1)(B), with its exclusive provisions for remedies, this Court can treat Plaintiff's claim as such, while dismissing all remaining state law theories of recovery and remedies. See Singh v. Prudential Health Care Plan, Inc., 335, F.3d 278, 290 (4th Cir. 2003); Darcangelo v. Verizon Communications, 292 F.3d 181, 195 (4th Cir. 2002). There is no question here that Plaintiff's lawsuit must sound in ERISA.

### 2. Defendants are not the proper party Defendants.

Defendants next argue that the named Defendants in this ERISA action are not the proper parties from whom Plaintiff can obtain relief. The employee benefit plan itself is an entity that is capable of suing and being sued, 29 U.S.C. § 1132(d)(1) (ERISA §502(d)(1)), and any money judgment against an employee benefit plan "shall be enforceable only against the plan as an entity and shall not be enforceable against any other person...." ERISA §502(d)(2). Courts interpreting ERISA §502(d) have held that actions to recover benefits under an ERISA-governed plan pursuant to ERISA §502(a)(1)(B) should be brought against the employee benefit plan itself as the proper party Defendant, and that non-fiduciary third parties are not proper party Defendants in a benefit claim action under ERISA §502(a)(1)(B). McRae v. Rogosin Converters, Inc., 301 F. Supp. 2d 471 (M.D.N.C. 2004); Suntrust Bank v. Aetna Life Insurance Company, 251 F. Supp. 2d 1282 (E. D. Va. 2003) (Court held that Defendant, who was neither the Plan nor the plan administrator, was not a proper party Defendant in Plaintiff's claim for benefits under ERISA § 502(d)(1)(B)); See also Lee

v. Burkhart, 991 F.2d 1004, 1099 (2d Cir. 1993); Auto Club Insurance Ass'n. V. Safeco Insurance Co., 833 F.Supp. 637, 643 (W.D. Mich. 1993).

In McRae, for example, the Court addressed the question of what entities were the proper party Defendants in a cause of action for employee benefits under ERISA §502(a)(1)(B). The Court held that a proper party Defendant could be the plan, the plan administrator, and a plan fiduciary. The Court went on to describe a fiduciary as "any person or entity who actually exercised discretionary authority, control or responsibility over the plan." Id. at 475-76. The Court derived this definition from the ERISA statute itself which provides:

> [A] person is a fiduciary with respect to a plan to the extent: (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respect management or disposition of its assets: (ii) he renders investment advise for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so; or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

Id. at 476; see also 29 U.S.C. 1002(21)(A).

It is true that the inquiry as to whether an entity or individual is a plan fiduciary may be fact specific. See Abbott v. Duke Energy Health and Welfare Plan, No. 3:07-CV-110, 2007 WL 2300797 (W.D.N.C. August 7, 2007). However, the facts of this case make clear that none of the Defendants are fiduciaries of the Plan. As the Defendants argue in their reply brief, "[n]owhere in Plaintiff's Complaint has he alleged that Defendants are fiduciaries of the Plan, and the clear language of the Plan is to the contrary." (Document No. 11 at 2). In fact, on page 53 of the Plan, under the heading "Responsibilities for Plan Administration," the responsibilities of the plan administrator and any plan fiduciary are explicitely set forth. ISI is named the plan administrator, and CBSI is named as the

claims administrator. The plan further specifically declares: "A Claims Administrator is **not** a fiduciary under the plan by virtue of paying claims in accordance with the Plan's rules as established by the Plan Administrator." Thus, by the very language provided by the Plan, CBSI (and, by implication, its employees) are not fiduciaries of the Plan. The Defendants are not proper parties.

In sum, Plaintiff's Complaint, even if it were deemed properly served, was brought against the wrong Defendants. Plaintiff's lawsuit seeking "medical plan coverage" should be brought against the Plan, not against these individual Defendants. Consequently, even under the high standard governing motions to dismiss under Rule 12(b)(6), it may be said that Plaintiff's Complaint fails to state a claim *against these Defendants* upon which relief can be granted. Accordingly, the Plaintiff's Complaint should be dismissed.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion To Dismiss" (Document No. 4) be **GRANTED.**

The undersigned also recommends that the "Defendants' Motion to Strike and Reply to Plaintiff's Response to Defendants' Motion to Dismiss" (Document Nos. 11 and 12), while not formally referred to the undersigned, be **DENIED AS MOOT**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de

novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Judge Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: August 4, 2008

David C. Keesler
United States Magistrate Judge